```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**RICKY GLEASON,**

       Plaintiff

v.                                Civil Action No.: 2:04-1289

**JO ANNE BARNHART,**
**Commissioner of**
**Social Security,**

       Defendant


<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the court pursuant to Rule 72(b) of the Federal Rules of Civil Procedure on plaintiff's objections to the proposed Findings and Recommendation of United States Magistrate Judge Mary E. Stanley, entered November 16, 2005.

I.

Plaintiff Ricky Gleason, approximately 41 years old, filed his application for disability insurance benefits on June 14, 2002, alleging disability as of May 31, 2002, due to thoracic and cervical sprain. A hearing was conducted on plaintiff's claim on September 17, 2003, subsequent to which the administrative law judge ("ALJ") issued a decision dated October 20, 2003, finding that plaintiff was not entitled to benefits.

The decision became final on October 23, 2004, after the Appeals Council denied plaintiff's request for review.

On December 9, 2004, plaintiff instituted this action seeking judicial review of the administrative decision pursuant to 42 U.S.C.A. § 405(g). The sole issue before the court is whether the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying plaintiff's claim for benefits is supported by substantial evidence. See 45 U.S.C.A. § 405(g); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The magistrate judge, in her findings and recommendation, concluded that the ALJ's decision was supported by substantial evidence, and recommended that the Commissioner's decision denying plaintiff benefits be affirmed.

Plaintiff filed his objections thereto on November 28, 2005, contending (1) the findings of Physical and Aquatic Rehab, Inc. were improperly discounted (Obj. at 1), (2) the combined impact of his conditions was not properly considered (id.), and (3) his pain justified a finding of compensability (id. at 2).

II.

Having reviewed the record <u>de</u> <u>novo</u>, the court concludes that each of the areas of objection were addressed at length by the magistrate judge, who found that substantial evidence supported the finding that plaintiff was not entitled to benefits.

First, the findings of Physical and Aquatic Rehab, Inc. were properly treated.  The ALJ explained first that the evaluation was performed by a physical therapist, an unacceptable medical source.  Second, the ALJ noted the evaluation provided no assurance that its findings were more than a report of what the claimant actually did, instead of what he is capable of doing.  Third, the evaluation did not include any observations regarding the claimant's effort, the consistency of his performance, or whether his performance was compatible with pain and other clinical signs and symptoms.  In view of the absent validity assessments alone, the ALJ was entitled to discount the findings of Physical and Aquatic Rehab, Inc.

Second, the ALJ properly considered the combined impact of plaintiff's conditions.  Plaintiff contended that his limited concentration and memory, caused by depression and anxiety, his

3

headaches, and other limitations justified a finding contrary to that of the ALJ.  The court disagrees.  As noted at greater length by the magistrate judge, the ALJ's decision and hypothetical question reflect a careful consideration of each of plaintiff's impairments and their combined effect.

Third, the ALJ's findings as to plaintiff's pain are not erroneous.  The ALJ's handling of this issue was consistent with governing law.  His analysis included consideration of plaintiff's daily activities, the location, duration, frequency, and intensity of plaintiff's pain and other symptoms, precipitating and aggravating factors, and his medications.  Mindful of all of these considerations, the ALJ then explained his findings in detail concerning why the alleged physical limitations were not supported by the medical evidence or the intensity of treatment.  Of particular note was plaintiff's admitted activities, including meal preparation, shopping trips, laundry duties, daily walks, and hunting.  See Johnson v. Barnhart, No. 04-1963, slip op. at 10, ____ F.3d ____, ____ (4th Cir. Oct. 26, 2005).

4

III.

For the reasons stated, and having reviewed the record de novo, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation in their entirety. It is ORDERED that plaintiff's motion for judgment on the pleadings be, and it hereby is, denied; defendant's motion for judgment on the pleadings be, and it hereby is, granted; and the final decision of the Commissioner be, and it hereby is, affirmed.

The clerk is directed to forward copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED:   February 2, 2006

_____
John T. Copenhaver, Jr.
United States District Judge